# DENIS BARFIELD v. STATE.

No. A-9688.   Feb. 15, 1940.
(99 P. 2d 544.)

456

Frank Hickman, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Tulsa county on the 7th day of December, 1938, Denis Barfield did unlawfully have in his possession 124 pints and 54 quarts of whisky, he was tried and convicted on a trial before the court, a jury having been waived. The judgment was rendered on April 24, 1939, and he was sentenced to confinement in the county jail for 30 days and to pay a fine of $50 and costs.

To reverse the judgment an appeal was taken by filing in this court June 2, 1939, petition in error with case-made attached.

The state relied for this conviction on the testimony of C. T. Raley and Harry Warren of the State Highway Patrol, admitted over the defendant's objection that it was obtained by an unlawful search. Their testimony was to the effect that on the date alleged they saw a car headed west stop on the shoulder of the north side of Highway 33, four or five miles east of the city of Tulsa; they stopped and asked what the trouble was. The defendant said they had a flat and were changing the tire. That they noticed a cardboard carton beside the car that was labeled "John Paul Jones Whisky," and they asked the defendant whose whisky it was; he said it was

his. They asked him if that was all he had, and he said he had another carton up in front. The officers looked in the back of the car and saw several cases of whisky there. They arrested the defendant and his companion.

The state rested and the defendant moved for a directed verdict on the ground that the evidence was obtained illegally and unlawfully, and was not sufficient to sustain a conviction. Which was overruled.

On the part of the defense, Kelly Gilbert testified that he was with the defendant on Highway 33 when their car had a puncture, and the officers appeared and arrested the defendant and witness; that he had taken a case of liquor out of the car so he could get to the spare tire in the back end; that the whisky they had was a lawful purchase made from a liquor store at Siloam Springs, Ark., that the liquor was a part of a pool, belonging to some friends of his, that he was taking to them for Christmas; that seven of his friends put up $20 each to pay for it; that he met the defendant Denis Barfield, at Siloam Springs, and he was returning to Oklahoma City with him; that the car belonged to a Mrs. Rogers, in Oklahoma City.

The defendant, testifying as a witness in his own behalf, stated that he was in Siloam Springs and there met Kelly Gilbert, and told him he was going to Oklahoma City, and would like to ride with him; that when the tire went flat he raised up the turtle back to get an extra tire, and that was the first time he knew there was any whisky there; that he did not have any interest in the whisky.

At the close of all the evidence, defendant moved for a dismissal on the ground that there is no evidence that this was an illegal purchase, which was overruled.

The assignments are that the trial court erred in overruling defendant's motion to suppress the evidence, and in overruling defendant's demurrer to the evidence, and that the judgment and sentence is contrary to law and to the evidence.

Whether search of, and seizure from, an automobile upon a highway or other public place without a search warrant is reasonable is in its final analysis to be determined as a judicial question, in view of all the circumstances under which it is made.

The constitutional provision against unreasonable searches and seizures does not preclude the making of a seizure, without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye. Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549.

An offense is committed or attempted "in the presence of an officer," within meaning of the statute providing that a peace officer may, without a warrant, arrest a person for a public offense, committed or attempted in his presence, where such officer is apprised by any of his senses that a misdemeanor is being committed by the person arrested prior to the arrest.

In the instant case the facts and circumstances as testified to by the officers were sufficient to warrant them in believing that intoxicating liquor was in the carton beside the automobile, and this was a sufficient showing of an offense committed in the presence of the officers, and their testimony is to the effect that defendant admitted that the automobile contained other cartons of whisky that belonged to him.

Upon the record before us, the proceedings leading up to the trial and judgment are all regular and suffi-

cient in law to support this conviction, and it is not made to appear therefrom that any error prejudicial to the substantial rights occurred to authorize a reversal of the judgment. The judgment of the trial court is therefore affirmed.

BAREFOOT and JONES, JJ., concur.