HAZEL HUTCHINSON v. STATE.
No. A-9899.    Feb. 11, 1942.
(122 P. 2d 395.)

Jim Barnett, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Hazel Hutchinson, was by information, in the court of common pleas of Oklahoma county, on November 7, 1939, charged with unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail and to pay a fine of $50, and appeals to this court.

Counsel for defendant contends that the court erred in overruling defendant's motion to suppress the evidence and that the evidence is insufficient to support the conviction.

Upon the hearing on the motion to suppress the evidence, Bob Turner, an officer, stated that he saw three sacks and one box transferred from the car of one Roy Brown to defendant's car on Grand Boulevard, north of Oklahoma City.   He was not acquainted with Brown, but knew that defendant was in the whisky business.   He was driving towards Oklahoma City when he saw the transfer and followed defendant's car for a time.   She drove about 60 or 70 miles an hour and ran a stop line. Turner then stopped her.   A box containing 18 pints of Glenmore whisky was in the seat.   The paper was torn,

and the bottles were sticking out. Eighteen other pints of whisky were concealed in the car.

Defendant testified that Turner did not see the packages transferred to her car; that she knew he was following her, and did not violate any driving rules; that he stopped her and tore the paper off the whisky before he could see it; that the whisky and the car belonged to her.

The motion to suppress the evidence was overruled.

At the trial of the case, Turner testified substantially the same as he did on the hearing to suppress the evidence. Defendant offered no testimony.

In Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99, 100, this court stated:

"This court will not reverse the findings of the trial court upon a question of fact, where there is a conflict of evidence, and there is competent evidence in the record reasonably tending to support the findings of the trial court."

According to the evidence of the state, which the trial court apparently believed, the officer was doing his duty in stopping defendant after she had driven at a speed exceeding 60 miles an hour and had run a stop line in Oklahoma City. When the car of defendant was stopped, the whisky was in plain sight, so the officer did not exceed his authority in seizing this whisky and searching her car.

It was held in Brumley v. State, 69 Okla. Cr. 122, 100 P. 2d 465:

"Peace officers have the right to arrest without a warrant all persons who are guilty of a violation of the criminal law in their presence." L. P. Hammonds v. State, 73 Okla. Cr. 287, 120 P. 2d 376.

In Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366, 367, it is held:

"The constitutional provision against unreasonable searches and seizures does not preclude the making of a seizure, without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye." Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549.

The evidence offered by the state that defendant was in possession of 36 pints of whisky, without any defense having been offered by defendant, is amply sufficient to support the conviction.

For the reasons above stated, the case is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.