JOE L. BROWN v. STATE.

No. A-9968. April 15, 1942.

(125 P. 2d 234.)

Jim Barnett, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Joe L. Brown, was charged in the court of common pleas of Oklahoma county with the crime of unlawful transportation of intoxicating liquor, jury was waived, defendant was tried, convicted and sentenced to serve 45 days in the county jail and to pay a fine of $75, and has appealed.

It is contended by defendant that the court erred in overruling his motion to suppress the evidence for the reason that the search of defendant's automobile was unlawful.

In support of the motion to suppress the evidence the defendant placed the officer on the witness stand who arrested the defendant and seized the liquor involved in this case. This officer swore that he and his partner were patrolling what is known as the Council road, about two miles south of West Tenth street in Oklahoma county; that they saw an automobile approaching with only one headlight. That they stopped the car and the officer approached the driver for the purpose of writing him a warning. That he stopped at the front of the car near the driver, started to write on his warning book, when he saw a pint bottle of whisky in a passenger's lap in the right-hand side of the front seat and also several packages of whisky wrapped in brown paper. There were several of these packages stacked in the back of the car and there were markings on the paper which were generally used in the marking of brands of whisky. That he made a

search of the automobile and found 1,160 pints of whisky. That he did not know who was in the automobile and would not have stopped it if they had not been driving the automobile on the road with just one headlight, contrary to the law.

. The defendant testified that he was stopped by the patrolman. He admitted possession of approximately 1,100 pints of whisky and stated that it belonged to him. He said the whisky was covered with a blanket in the back seat and denied that the patrolman could see it. He admitted that part of a pint of whisky was lying in front which might have been seen by the officer. He further admitted that at the time he was stopped only one headlight was burning and stated that when they were on dim only one light burned, but when they were turned on bright both lights would shine.

The other highway patrolman testified substantially the same as the first officer except that he sat in the automobile while the other patrolman got out with his flashlight and waved the car down and walked over to warn him about his lights. That after Patrolman Roberts had talked to the driver a minute or two he called him over to the car and he saw several packages of whisky in the automobile.

The motion to suppress was overruled and it was stipulated that the evidence introduced on the motion to suppress should be treated as the evidence in the trial of the case.

The patrolmen were justified in stopping the defendant, as he was violating the law of this state. Section 10331, O. S. 1931, O. S. 1941, tit. 47, § 131.

After the defendant was stopped, according to the testimony of the officers, the whisky was in plain view. This constituted a violation of the criminal law in their

presence. In the recent case of Hutchinson v. State, 74 Okla. Cr. 30, 122 P. 2d 395, 397, it is stated:

"The constitutional provision against unreasonable searches and seizures does not preclude the making of a seizure, without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye."

See, also, Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Brumley v. State, 69 Okla. Cr. 122, 100 P. 2d 465; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366.

The defendant should consider himself highly fortunate in not having a more severe punishment assessed when it is considered that he had possession of an exceedingly large amount of intoxicating liquor. From his own testimony it is apparent that he had 12 or 15 cars engaged in the illicit liquor traffic and interchanged automobile tags, as he admits the tag on the automobile which he was driving at the time of his arrest herein belonged to another automobile which was one of 12 or 15 cars which he owned.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.