# STEVE MITCHELL v. STATE.

No. A.-10016.   June 10, 1942.

(127 P. 2d 213.)

W. V. Stanfield, of Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Steve Mitchell, was charged in the county court of Pontotoc county with the crime of unlawful transportation of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail and to pay a fine of $250, from which judgment and sentence he has appealed to this court.

It is first contended that the court erred in overruling defendant's motion to suppress the evidence for the reason that the search of defendant's automobile and seizure of the liquor therein contained was unlawful.

In support of the motion to suppress, the defendant introduced the evidence of the officer who made the arrest. This officer testified that together with other en-

forcement officers, he went out to the Broadway Tourist Camp and Filling Station, and that while the other officers were searching said premises, he remained outside of the buildings and at the edge of the driveway in front of the tourist cabins. That while he was standing there, a car drove up and stopped, that he walked toward the car, turned his flashlight on the driver and recognized the defendant, Steve Mitchell. That he spoke to the defendant and asked if he had any whisky and the defendant replied that he did. That the officer then looked through the glass in the rear door and saw a large quantity of whisky lying loose on the floor, some of it was covered and some of it was exposed showing the green bonded stamps which had been placed on the bottles, also the name of the brand of liquor; thereupon he arrested defendant, seized the whisky which he had seen and which constituted 56 or 57 pints. He was positive that he could readily see by the aid of the flashlight the whisky seals and federal stamps which were in plain sight in the back end of the car. On cross-examination, he stated that he did not stop the car, that it stopped voluntarily, and that he walked up to the car to see who the occupants were and he made no attempt to arrest defendant prior to the time defendant informed him he had whisky in the car and he had seen the whisky in the automobile. That he did not have a search warrant or warrant for arrest of defendant at the time the seizure was made.

The defendant testified on the motion to suppress but not at the trial. His testimony was that on the night in question he drive in at the Broadway Courts, that the officer stepped out on the driveway with a flashlight, and he recognized him and stopped his automobile. That the officer stepped up to the car and asked his name and he told him. That the officer asked for the car key and

when defendant got out of the automobile, the officer searched him. Defendant denied that he told the officer there was liquor in the car. Defendant testified that the officer took him in the house and he did not know whether the officer ever looked in his automobile. Defendant admitted that he had 57 pints of whisky in his car, and that he had turned in at the place for the purpose of stopping and seeing Barton Cox who was in charge of the place.

This evidence was clearly conflicting. The testimony of the officer, if true, was sufficient to show a violation of the criminal law in his presence. This conflicting testimony raised a question for determination of the trial court in the hearing on the motion to suppress. In such cases it is the rule of this court that the judgment of the trial court will not be disturbed where there is competent evidence reasonably tending to support his judgment.

Under the testimony of the officer, the defendant admitted a violation of the criminal law. Furthermore, the liquor which was seized, under the testimony of the defendant, himself, was lying on the floor in the back of the car partially exposed. For recent cases involving a similar state of facts in which the judgment of conviction was affirmed see Brown v. State, 74 Okla. Cr. 246, 125 P. 2d 234; Hutchinson v. State, 74 Okla. Cr. 30, 122 P. 2d 395; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366.

It is next contended that the court erred in overruling the defendant's challenge for cause as to five members of the jury who returned the verdict against defendant. Counsel for defendant states in his brief that the challenge was made because these five jurors were present in the courtroom when another jury returned a verdict of guilty in another liquor case against the same defendant.

The voir dire examination of the jurors is not set forth in the record. There is nothing in the record to show that the jurors challenged heard the other verdict or heard the evidence in the other case or were in any way prejudiced against the defendant. The chief defense presented was that the search was unlawful. There is no question about the guilt of defendant and there is nothing in the size of the verdict which was returned which would indicate prejudice. In the absence of a record sustaining the allegations urged by defendant and in the absence of a showing of prejudice, we shall not hold that the court erred in refusing to sustain the challenge for cause.

There are other questions raised in the petition in error but they are not of sufficient importance to merit a discussion.

For the reasons herein above given, the judgment of the county court of Pontotoc county is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.