**Carl Eugene GRAVES, Appellee,**

v.

**The STATE of Oklahoma ex rel. DEPART-MENT OF PUBLIC SAFETY, Appellant.**

**No. 47069.**

Supreme Court of Oklahoma.

Oct. 21, 1975.

Hal S. Whitten, Jr., Oklahoma City, for appellee.

Earl R. Donaldson, Oklahoma City, for appellant.

IRWIN, Justice:

The Oklahoma Department of Public Safety (State) ordered the driver's license of Carl Eugene Graves (licensee) revoked following licensee's arrest and refusal to submit to the alcohol test. Licensee sought review in the district court. The district court sustained a demurrer to State's evidence on the grounds that the initial arrest of licensee was without probable cause. The action was dismissed and State appeals from the order overruling its motion for a new trial.

The police officer who arrested licensee was assigned to the Alcoholic Safety Action Program (ASAP) whose primary function is to police and arrest drivers suspected of being under the influence of alcohol. A mobile unit for testing the blood alcohol of suspected intoxicated drivers is an integral part of ASAP. The arresting

officer testified licensee was driving south on May Avenue, a four lane street with two lanes of traffic going south. He followed licensee for a block or a block and one-half. He said " * * * the licensee's vehicle was weaving and lane straddling and appeared to be pushing another vehicle that was in front of him. I used this as a descriptive term. It was so close to the vehicle in front of him, he appeared to be pushing. He was not actually touching the car. * * *."

The officer then pulled licensee over and, after observing various indices of intoxication ticketed licensee for driving left of center, following too close, and driving under the influence. Licensee refused to take the alcohol test. The officer testified that he would have given licensee tickets for two traffic violations whether he had or had not been drinking.

At the close of the arresting officer's testimony the State rested and counsel for licensee demurred to State's evidence and moved that the action be dismissed.

The trial court found, " * * * there is no probable cause for arrest in this case. I find from the evidence and from the demeanor from the attorney, from all the facts and circumstances of the testimony of the witness, that he stopped this man to find out whether the man was drunk or not. * * * Court further finds from all the facts and circumstances that the stopping of the licensee's car by the officer for traffic violations was a subterfuge, and was for the purpose of checking out a suspicion of driving under the influence, and was not a bona fide arrest for said alleged traffic violations. * * * He [the officer] saw this man go across the center of the road. He was going to find out if he (licensee) was drunk or not, whether he is drunk or not without probable cause to stop him in the first place, it is an illegal arrest. * * *."

The trial court was obviously disturbed by what it regarded as a possible random pickup by the ASAP of drivers suspected of being under the influence without any legal grounds for stopping the suspected intoxicated driver.

The facts of this case are distinguishable from those in *Shirey v. State*, Okl.Cr., 321 P.2d 981 (1958), where the arresting officer admitted that the *only* reason he stopped defendant was on suspicion of intoxication and where the evidence indicated that the arresting officer was in no position to observe the defendant's driving prior to the arrest. They are closer to the situation in *Hancock v. State*, 80 Okl.Cr. 1, 156 P.2d 155 (1945); *Stevens v. State*, Okl.Cr., 274 P.2d 402 (1954), and *Moore v. State*, Okl.Cr., 306 P.2d 358 (1957), where the arresting officer observed the defendant violating a traffic law and, upon arrest and specific observance of the defendant, further concluded that the defendant had been driving under the influence.

In *Spillers v. Colby*, Okl., 391 P.2d 895 (1964), we held:

"Where the positive testimony of the witness is uncontradicted and unimpeached, whether by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, and where it is not inherently improbable, either in itself or in connection with other circumstances, or where it does not contain contradictions in itself or with other evidence satisfying the court * * * of its falsity, it cannot be disregarded and must control the decision of the court * * *."

Although the trial court, as the trier of facts, might not choose to believe certain testimony, the testimony of the arresting officer concerning the manner in which licensee was driving prior to his arrest stands uncontradicted and unimpeached. That testimony, a portion of which is herein set forth, shows that licensee committed at least one public offense in the presence of the arresting officer. The record in this case will not support a conclusion that

the arrest was illegal. Therefore, the trial court erred in sustaining the demurrer and dismissing the proceeding.

Judgment reversed.

WILLIAMS, C. J., HODGES, V. C. J., and BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., dissents.