## C. G. TRIPP v. STATE.

No. A-9840.    Oct. 8, 1941.
(118 P. 2d 273.)

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City for the State.

Jim B. Barnett, of Oklahoma City, for defendant.

BAREFOOT, P. J.   Defendant, C. G. Tripp, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, to wit: 111 pints of tax-paid liquor; 49 half-pints of tax-paid liquor; 8 quarts of tax-paid liquor. He was tried, convicted, and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

For reversal of this case it is urged that the court erred in refusing to suppress the evidence procured by the search warrant:

"First.   That it is insufficient for the issuance of a search warrant that affiant or deponent shall swear to the conclusion that liquor is stored or kept in violation of law in a described place without affirmatively stating the facts upon which his knowledge is founded.

"Second: That an officer has no right to search a person or his automobile without a search warrant on mere suspicion of the commission of a misdemeanor, and conviction upon the evidence so obtained is erroneous."

These propositions may be considered together.

This case was tried by agreement before the court without the intervention of a jury. Evidence was presented on the motion to suppress, and it was agreed that the evidence so introduced should be considered by the court as evidence in the trial of the case.

The record reveals that on the 29th day of August, 1939, four deputy sheriffs of Oklahoma county, Ben Davis, Bob Turner, Frank Lynch, and Fred Smith, saw defendant, C. G. Tripp, park his automobile in the rear of 409 Northwest 42nd street, Oklahoma City, in a public place. They had reason to believe that the car contained intox-

icating liquor to be used in the violation of the laws of this state. They did not approach the car at this time, but Officers Turner and Lynch watched the car and Officers Davis and Smith went to get a search warrant for the purpose of searching the same. Just before Officers Davis and Smith returned with the search warrant they had procured to search the car, the defendant returned to the car. Officer Turner's testimony was as follows:

"Q. While they were gone, what did you do? A. Set over there on some steps and watched the car and saw Mr. Tripp come out to the car and unlock the car and load himself down with whisky and start to walk away and we threw the light on him and asked him what he had there and he said a little whisky, and just as that happened Mr. Davis and Mr. Smith drove up and served the search warrant on him."

From this evidence it was unnecessary at this time to secure a search warrant. When the officers saw the defendant take packages from the car which they were watching, they had the right, as officers in the discharge of their duty, to approach the defendant, who was in a public place, and when defendant informed them that he had whisky, they had the right to arrest and search him under these circumstances.

The officers are to be commended for their action in this case in procuring a search warrant before attempting to search the car of defendant. It was after the action of defendant in taking the whisky from the car that they had the right to search without the necessity of a search warrant, but when the unlawful act was committed in their presence they had a right to act. Under many decisions of this court, after the defendant was lawfully arrested, they had the right to search his person and his immediate possessions. Bullington v. State, 38

Okla. Cr. 214, 259 P. 876; Davis v. State, 30 Okla. Cr. 61, 234 P. 787; Rambo v. State, 38 Okla. Cr. 192, 259 P. 602; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028.

This search revealed more than 111 pints of tax-paid whisky. It was evident that this whisky, which was introduced in evidence, was possessed by the defendant for the purpose of illegal sale.

Having held that it was unnecessary to have a search warrant in this case under the facts stated, it becomes unnecessary to pass upon the question that the search warrant was based upon information and belief. The judgment of the court of common pleas of Oklahoma county is therefore affirmed.

JONES and DOYLE, JJ., concur.