## GORDON MITCHELL v. STATE.

No. A-9876.   Nov. 12, 1941.
(119 P. 2d 99.)

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

JONES, J.   The defendant, Gordon Mitchell, was charged by information in the county court of Canadian county, on January 3, 1940, with the offense of transporting intoxicating liquor, was tried, convicted and sen-

tenced to serve a term of 60 days in the county jail and to pay a fine of $100, and appeals to this court.

Counsel for defendant contends that the evidence used by the state was obtained by an unlawful search and seizure.

The state introduced evidence showing that on January 2, 1940, I. A. Floyd, a city marshal, and H. H. Clapper, an undersheriff, saw defendant driving west from Oklahoma City toward Yukon, at about 8 o'clock at night. One of the headlights on his car was not burning. The officers stopped him to warn him. Clapper went to the left side of the car, and Floyd to the right. The outside handle of the door on the side which Floyd approached was broken off. Defendant opened the door from the inside, and a number of bottles of whisky in the front seat were exposed to the view of the officer.

Defendant testified in substance as follows: That his lights were burning on dim, and that the handle was not broken; that Floyd opened the door himself, looked in the car, and asked what was in the box in the back seat. Defendant had forgotten that the box was back there, and told the officers that he did not know what was in it. They asked if he cared for their looking in the box. He told them to use their own judgment. They opened the box, which was closed, and found the whisky.

Under the testimony offered by the state, the officers could have lawfully arrested the defendant for driving with only one headlight under section 10331, O. S. 1931, 47 Okla. St. Ann. § 131, which they did not do, but only stopped him and warned him. The whisky was in plain sight when defendant opened the car door, and they arrested him for the misdemeanor of transporting liquor, committed in presence of the officers.

The burden was upon the defendant to show, on his motion to suppress the evidence, that he was not violating section 10331, supra, which makes driving upon the state highways with only one headlight a misdemeanor, in order to show that he was unlawfully stopped. As set out above, there was a conflict of testimony upon this.

This court will not reverse the findings of the trial court upon a question of fact, where there is a conflict of evidence, and there is competent evidence in the record reasonably tending to support the findings of the trial court.

Since the court found from the evidence that defendant was not illegally stopped, there can be no question as to the legality of the search and seizure, even under defendant's account of it, in which he waived any objections to the officers looking into the box of whisky.

In Camp v. State, 70 Okla. Cr. 68, 104 P. 2d 572, this court held, where officers ask and are given permission to examine a package in an automobile, such permission on the part of the accused constitutes a waiver of his constitutional right to immunity from a search and seizure without a search warrant.

There is no merit to defendant's contention.

The judgment of the county court of Canadian county is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.