### ELWIN BLAIR v. STATE.

No. A-10050.   Oct. 28, 1942.

(130 P. 2d 545.)

Jesse A. Harp, of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

BAREFOOT, P. J.   Defendant, Elwin Blair, was charged in the county court of Ottawa county with the crime of unlawful transportation of intoxicating liquor, to wit, 360 pints and 72 half pints of whisky and gin; was tried before the court, without a jury, was convicted and sentenced to pay a fine of $250 and to serve 30 days in jail, and has appealed.

The only error relied upon for a reversal of this case is that the court erred in refusing to sustain the motion of defendant to suppress the evidence of the state for the reason that the search of defendant's automobile was illegal for the reason that the officer did not have a search warrant at the time the search was made.

The evidence reveals that D. T. Waters, the sheriff of Ottawa county, was, on the 28th day of August, 1940, standing on the street corner of the town of Peoria. He observed an automobile driving at a high rate of speed on the streets and saw it turn south at the main corner. It was being driven at a high rate of speed and it caused the sheriff to immediately start in pursuit. He followed the automobile for a distance of eight miles and during this time the sheriff testifies that the defendant was traveling at the rate of 75 miles per hour; that he finally forced him to the side of the road by blowing his siren; that he immediately placed the defendant under arrest for the crime of reckless driving. The sheriff left his own car at the place of arrest and took defendant in his

car to the county seat. He did not search defendant's car until he arrived there but he saw the intoxicating liquor, wrapped in paper packages, therein, at the time he arrested defendant and opened the door of his car. The sheriff's testimony was:

"Q. Mr. Sheriff, after you opened the door of this automobile, then you saw these packages? A. Yes, after I arrested the man. * * * Q. You say you arrested him for speeding before you searched the car? A. Yes, sir."

The evidence reveals that a charge was not filed against the defendant for reckless driving but the charge was filed for illegal transportation of intoxicating liquor. As has often been expressed by this court, we think it would have been proper, and the best practice, for the county attorney to have filed a complaint against the defendant for reckless driving and prosecuted this charge to a conclusion. We have held that if the arrest of a person is a subterfuge, made only for the purpose of searching his person or his property, the search is illegal. But the facts in this case do not reveal that the arrest of defendant was a subterfuge. The testimony of the sheriff clearly shows, and it is uncontradicted, that the defendant was driving in a reckless and careless manner in his presence. Under the law he had a right to arrest defendant, and when lawfully arrested he had the right to search his person and property in his immediate presence. If by this search it was revealed that defendant had violated the law by unlawfully transporting intoxicating liquor, it would be the duty of the officer to file charges for that violation also. In the instant case it was revealed by the search, after defendant's lawful arrest, that he was illegally conveying 360 pints and 72 half pints of whisky and gin. Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Matthews v. State, 67 Okla. Cr.

203, 93 P. 2d 549; Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366.

Under the facts above stated, the court did not err in overruling the motion of defendant to suppress the evidence offered by the state.

At the trial of the case before the court, without a jury, the evidence was the same as on the motion to suppress, only more elaborate.

Finding no error in the record, the judgment of the county court of Ottawa county is affirmed.

JONES, J., concurs. DOYLE, J., dissents.