## TIP O'DELL v. STATE.

No. A-10391. April 18, 1945.
(158 P. 2d 180.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Tip O'Dell, was charged in the county court of Kiowa county with the unlawful transportation of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $200, and has appealed.

The record shows that a highway patrolman pursued the defendant from the city of Hobart west on Highway No. 9, through the town of Lone Wolf to a point about four miles north of Granite, in Greer county. The patrolman testified that on the entire route between Hobart to where the defendant was stopped the defendant

drove in excess of 80 miles per hour. That during most of the trip, the speedometer on his automobile registered from 88 to 90 miles per hour. That this speed was maintained through the town of Lone Wolf, where there were several cars parked at the curb, and one car was being driven down the street in that town when defendant passed. The highway was approximately 22 feet in width according to the testimony. The defendant was finally stopped by the firing of a shotgun by the companion of the highway patrolman. The patrolman had no warrant for the arrest of the defendant, nor search warrant for his automobile, but after he stopped the defendant, he placed him under arrest for the alleged offense of reckless driving, searched defendant's automobile and found three gallons of intoxicating liquor. Reckless driving charges were filed before a justice of the peace in the city of Hobart, and upon a trial to a jury of six men, the defendant was acquitted.

It is now contended on appeal by the defendant that the verdict of the jury finding the defendant not guilty is a conclusive determination that the defendant did not commit the misdemeanor of reckless driving in the presence of the highway patrolman which authorized his arrest and could not be used as a legal justification for a search of the defendant's automobile. That accordingly the motion to suppress evidence presented by the defendant prior to the trial should have been sustained.

The defendant did not testify either on the motion to suppress evidence or at the trial of the case. It, therefore, may be assumed, for the purpose of disposing of the contention here presented, that the testimony of the highway patrolman and his companion that defendant had driven his automobile for many miles on the high-

way and through the town of Lone Wolf at a speed of from 88 to 90 miles per hour is correct.

In the case of Blair v. State, 75 Okla. Cr. 265, 130 P. 2d 545, it is held:

"Whether search of, and seizure from, an automobile upon a public highway, without a search warrant, is reasonable, is, in its final analysis, to be determined as a judicial question, in view of all the circumstances under which it is made.

"Where a misdemeanor is committed in the presence of an officer he has the right to arrest the offender without the necessity of having a search warrant. If the arrest is not a subterfuge, and is in good faith, the officer has the right to search defendant and his immediate surroundings, without the necessity of a search warrant.

"Where an arrest is made under the above circumstances, it is the best practice for charges to be filed on both violations."

In the body of the opinion in that case, it was disclosed that the arresting officer observed the defendant driving on the highway at a speed of approximately 75 miles per hour. No charges for reckless driving were filed against defendant, but this court held that under the testimony of the sheriff the offense of driving on the public highway in a reckless manner was committed in his presence, and the search of defendant's car was sustained.

The United States Supreme Court, in the case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 285, 69 L. Ed. 543, 39 A.L.R. 790, has held that a federal officer has the right to search an automobile on the public highway without a warrant when such officer has probable cause to believe such car is being used to violate the

National Prohibition Act, 27 U. S. C. A. § 1 et seq. After adopting the rule that the officer must have probable cause in order to justify his search of an automobile without a warrant, the court stated:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search."

This court has condemned the arrest of individuals as a subterfuge for the purpose of justifying a search without a warrant. Bowdry v. State, 64 Okla. Cr. 86, 77 P. 2d 753; Tucker v. State, 62 Okla. Cr. 406, 71 P. 2d 1092.

In Blair v. State, supra, and many other cases, this court has held that the question as to whether the search is reasonable is a judicial one to be determined by all the circumstances in each individual case.

The defendant contends that the verdict of acquittal in the justice of the peace court is a conclusive determination that he did not commit a misdemeanor in the presence of the arresting officer. We cannot agree with this contention. At the hearing upon the motion to suppress, it was proper to make the showing that the defendant had been acquitted of the charge of reckless driving, but this acquittal, while conclusive so far as the prosecution for reckless driving is concerned, is not conclusive upon the question as to whether the defendant had committed a misdemeanor in the presence of the arresting officer, so as to authorize a search of defendant's automobile. The fact that defendant was acquitted might be highly pursuasive upon the trial court at the hearing on the motion to suppress evidence, but such court is

not bound by that verdict. It might have been that upon the trial of the defendant upon the reckless driving charge, one or more of the state's witnesses were not available for the trial, or that particular testimony which might have been important was omitted, or it might simply be explained by the following statement which we often hear made: "Two things are unpredictable in Oklahoma. One is the weather, and the other is the verdict of a jury."

The testimony of the state showed that the defendant was driving in a reckless manner. Neither the defendant nor any witness testified in his behalf to refute the testimony of the state's witnesses.

If the rule contended for by defendant were to be sustained, then, in every case where a man is arrested for being drunk in a public place, or for driving while drunk on a public highway, or for any other misdemeanor allegedly committed in the presence of an arresting officer, which is used as a legal justification for a search after the arrest is made, then no prosecution could be maintained on account of the liquor seized by such search, unless a prosecution was also commenced in the case involving the alleged commission of the misdemeanor for which the accused is arrested, and, further, until it is finally disposed of by verdict of the jury, or in case of a conviction until it was reviewed by the appellate court.

The purpose of the constitutional provision against unreasonable searches is to prevent exploratory searches upon mere suspicion. Where a motion to suppress evidence is interposed by one accused of violating the liquor law, and the trial court finds that the purported arrest of the accused for the commission of a misdemeanor in the presence of the arresting officer was merely a subter-

fuge, in an effort to justify the search, then, the motion to suppress should be sustained.

In the instant case, an issue was presented to the trial court in the hearing on the motion to suppress evidence as to whether a misdemeanor was committed in the presence of the officer which authorized the arrest of the accused without a warrant. The evidence of the state abundantly shows that a misdemeanor was committed. Under such circumstances, the trial court's finding on the motion to suppress evidence will be sustained by this court on appeal.

The judgment of the county court of Kiowa county is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.