## JOE PRICE SCOTT v. STATE.

No. A-10697.    April 30, 1947.

(180 P. 2d 196.)

172

Wm. C. Ijams and Charles W. Moss, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The defendant, Joe Price Scott, was charged in the common pleas court of Oklahoma county, Okla., with the offense of unlawful possession of 12 x 4/5 tax-paid gin, 12 x 4/5 tax paid whisky and one pint of tax paid whisky; tried, convicted, and sentenced to serve 30 days in the Oklahoma county jail and pay a fine of $500.

To this charge, on the trial, the defendant interposed a motion to suppress the evidence, based on the contention that his automobile was unlawfully searched without a warrant and the evidence thus obtained, incompetent

to sustain a conviction, and that the court erred in not sustaining the motion to suppress. .

On the motion to suppress, the proof on the part of the state established to the trial court's satisfaction the defendant was arrested for reckless driving in the 3000 block of North Western street, Oklahoma City, and that incident to this arrest, a search of his automobile was made. This evidence established that the defendant was driving east on 30th street, came to a stop on the south side of the street with his automobile headed southeast, as though he intended to make a right-hand entrance into Western avenue. He was in the right lane to make such a turn and his automobile was headed in the right direction. While he was thus situated, the arresting officers drove by and he saw them and they saw him. He suddenly pulled his car to the left and proceeded at a very rapid rate, as the officers testified, in excess of the speed limit, eastward on 30th street. After some pursuit, the defendant was apprehended in the driveway of a stranger to him at 619 North West 31st street. He was arrested and charged in the police court with reckless driving. To this charge he made no defense but forfeited his bond in the police court. The trial court found that incident to this arrest, his car was searched and the liquor discovered. The defendant, alone, testified in his own behalf on the motion to suppress, and admitted that he was engaged in the "liquor and insurance business." The trial court overruled the motion to suppress. In this, he was supported by the evidence. We find no error in this feature of the record. The act of reckless driving was committed in the officers' presence and the arrest, being lawful therefore, the officers had a right to search the defendant's person, and his property in his immediate presence. In Odell v. State, 80 Okla. Cr. 142, 158 P. 2d 180, 182, this court quot-

ed from Blair v. State,. 75 Okla. Cr. 265, 130, P. 2d 545, wherein it was said:

"Whether search of, and seizure from, an automobile upon a public highway, without a search warrant, is reasonable, is, in its final analysis, to be determined as a judicial question, in view of all the circumstances under which it is made.

"Where a misdemeanor is committed in the presence of an officer he has the right to arrest the offender without the necessity of having a search warrant. If the arrest is not a subterfuge, and is in good faith, the officer has the right to search defendant and his immediate surroundings, without the necessity of a search warrant.

"Where an arrest is made under the above circumstances, it is the best practice for charges to be filed on both violations."

The case at bar clearly falls within the foregoing rule. See, also, Tripp v. State, 73 Okla. Cr. 69, 118 P. 2d 273; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549. The question of suppressing evidence being a judicial one, this court will not reverse the findings of the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence in the record reasonably tending to support the findings of the court. Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99. The record in the case at bar is sufficient to support the finding of the trial court, that the defendant was lawfully arrested before his car was searched, and that there was no invasion of the defendant's constitutional rights.

The next contention of the defendant is that the court erred in not giving the defendant's requested instructions, as follows:

"The jury are instructed that the defendant admits having possession of the liquor in controversy in this action, but contends, and has offered evidence tending to show, that this possession of such liquor was intended for his own personal use and without any intention of violating any of the provisions of the prohibitory liquor laws of the State of Oklahoma; and, in this connection, you are instructed that possession of any amount of intoxicating liquor, intended for his own personal use, is not a violation of the law, and, unless you believe from the evidence, beyond a reasonable doubt, that defendant's possession of the liquor shown from the evidence to have been possessed by defendant was for an unlawful purpose, as elsewhere in these instructions defined, then it is your duty to return a verdict of not guilty."

The defendant admitted on the motion to suppress that he was engaged in the liquor business. He did not testify in the trial of the case on its merits, and there is no substantial evidence that the defendant had the liquor solely for his own personal use, or that it was not possessed by him, with the intention to convey, sell, or otherwise dispose of the same. Therefore, the defendant was confronted with the presumption created by the positive provisions of Title 37, § 82, O. S. A., reading in part as follows, to wit:

"The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors * * * or the keeping in excess of one quart of spirituous, or one quart of vinous, or more than one quart of any liquor * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors * * *."

The defendant was clearly bound by this section of the statute, in the absence of satisfactory proof to the contrary.

In Lordi v. State, 47 Okla. Cr. 102, 287 P. 1083, this court said:

"The question of the sufficiency of the instructions and the action of the court in refusing to give special instructions requested must always be considered and determined by the facts in each case in which they arise."

See, also, Pitts v. State, 53 Okla. Cr. 165, 8 P. 2d 78.

There being no substantial evidence to support the theory of possession for personal use, the court rightly refused to give the defendant's requested instructions.

Finding no error in the record, the judgment and sentence of lower court must therefore be affirmed.

BAREFOOT, P. J., and JONES, J., concur.