## J. D. GENTRY v. STATE.

No. A-10846. Feb. 4, 1948.

(189 P. 2d 626.)

Wm. H. Lewis, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Warren H. Edwards, County Atty., Oklahoma County, of Oklahoma City, for defendant in error.

BAREFOOT, P. J.  Defendant, J. D. Gentry, was charged in the court of common pleas of Oklahoma county with illegal possession of intoxicating liquor, to wit: 27 pints of whisky. He was tried, found guilty, and his punishment assessed at 30 days in jail and $300 fine, and he has appealed.

Defendant in his brief states:

"The defendant has raised various assignments of error, but the sole question in this case is whether or not the trial court erred in overruling the defendant's motion to suppress the evidence and determination of that question by this honorable court is in the judgment of the defendant the decisive question to be decided."

Thereafter, defendant filed a supplemental brief in which, for the first time, he raises objection to instruction No. 5, given by the trial court. Further mention will be made of this instruction.

Two city policemen made the arrest, and at the hearing on the motion to suppress, the defendant and one of the policemen testified.

On the trial of the case, the state offered four witnesses, namely, the two police officers who made the arrest, Nash Setzer, evidence man from the county attorney's office, and one deputy sheriff. Defendant offered no evidence.

The two police officers testified that they knew the defendant well; that on the date in question they saw the defendant drive into an alley and watched him as he turned in back of a two-story rooming house, and saw him

go in at a back door. They knew where defendant lived, and he did not live at this address. There was no driveway and no fence, and defendant had driven his car in the yard, back of the house, located at No. 22 Northwest Tenth Street, in Oklahoma City. The officers pulled their car in directly behind that of the defendant, and waited for him to come out of the house. He came out, with a large paper bag in his arms.

Policeman Jack Caldwell testified:

"A. We drove in the alley and in back of his car. He came out of this house, 22 Northwest Tenth, at the back door, carrying a paper sack. He started to get in his car, and I asked him what he had. He brought it back to the car and handed it to me, and said, 'A little whisky.'"

There were six pints of whisky in the sack, and defendant was arrested at this time. The witness further testified that he asked defendant if he had any more whisky in the house, and he said "Yes," and handed witness the key to the door. They went in the room, and found a box, in the middle of the floor, with 27 pints of whisky, and took the 33 pints to the office. Witness admitted that they did not have a search warrant, either for the person, automobile or room of the defendant.

The other police officer, H. T. Taylor, corroborated Mr. Caldwell, but stated that when the defendant came out of the house with the sack and saw the officers, he came back to the car and handed the sack in the car to them, saying: "Here it is." He did not recall hearing Mr. Caldwell ask him what he had in the sack.

Nash Setzer, the special investigator from the county attorney's office, identified a certified copy of a Federal liquor stamp, issued: "To J. D. Gentry, Business: "retail liquor dealer. Address: 15 N. W. 5th Street, Oklahoma

City" where the defendant, on the motion to suppress, admitted that he had lived for three years.

L. H. Kolb identified the 33 pints of whisky introduced as that turned to the sheriff's office by the city police. The two police officers also identified the whisky.

The defendant, on the motion to suppress, testified that he and his wife had some trouble about January 1, 1946, and he rented the room at the address where the liquor was found; that he stayed there a short time, and still had some clothing in the room, but was living at his home at the time the arrest was made. He testified: "Well, I had a few clothes that I kept with me, and I had a little whisky." He testified that when he went out to get in his car, the officers were parked back of his automobile and wanted to know what he had in the sack; that no one could see what was in the sack; and that the whisky he had in the sack and that in the room was his. He testified:

"Q. And you knew they were police officers as soon as you saw them, did'nt you? A. Yeah; I recognized who they were when they drove up behind me and asked me what I had there. Q. And you just walked over to the car and handed them the liquor and they arrested you? A. There wasn't much I could do about it. * * * A. Well, that's just how it happened. Q. Anyway, you didn't make any objection to them having the liquor, did you? A. I don't make any objection to any officer of the law, to any officer of the law. I do what they say."

He then testified that he gave them the key to the back door of his apartment. When asked: "You didn't make any objection to that, did you?" defendant answered: "No, sir."

From the above statement it is obvious, under the many cases decided by this court, that the defendant was

committing a misdemeanor in the presence of the officers, and it was unnecessary for them to secure a search warrant prior to arresting him. It is unnecessary to unduly lengthen this opinion by quoting from the many cases, and we only cite a few of them. Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900; McElroy v. State, 76 Okla. Cr. 10, 133 P. 2d 900; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028 and cases cited therein; Tripp v. State, 73 Okla. Cr. 69, 118 P. 2d 273; Blair v. State, 75 Okla. Cr. 265, 130 P. 2d 545; Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99; Scott v. State, 84 Okla. Cr. 171, 180 P. 2d 196; Camp v. State, 70 Okla. Cr. 68, 104 P. 2d 572.

We have carefully examined the cases cited by defendant, and the facts therein are clearly distinguishable from the facts here presented.

In defendant's original brief filed in this case, no complaint is made to the instructions of the court given in this case. In a supplemental brief, it is urged that this case should be reversed by reason of the giving of instruction No. 5. This was an instruction similar to one given in the case of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625, cited by defendant. An examination of the record reveals that no exception was taken to the giving of this instruction in the instant case, as there was in the Hughes case. It has often been held that the failure to except to the giving of an instruction constitutes a waiver of the right to question the same. Neither in the motion for new trial nor the petition in error is there question raised to the instructions given in this case.

Finding no error in the judgment of the court of common pleas of Oklahoma City, the same is affirmed.

JONES and BRETT, JJ., concur.