## KIRK v. STATE.

No. A-11194.   Oct. 25, 1950.

(223 P. 2d 558.)

H. R. Helmbrecht and C. L. Armstrong, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Marion Kirk, was charged in the county court of Kay county with the illegal transportation of seven cases of whisky; a jury was waived; the defendant was tried, convicted, and given the maximum sentence.

Two contentions are presented for reversal. First, the court erred in overruling the motion to suppress evidence presented prior to the commencement of the trial. Second, the evidence is insufficient to sustain a conviction for transportation of intoxicating liquor. These assignments of error will be considered together.

Two policemen of Ponca City testified that on the night of December 7, 1948, they saw a 1948 Lincoln sedan turn into the driveway of one Herman Smith in Ponca City. They saw some persons moving about the car from a distance of about 500 feet. They also saw the driver of the automobile, who was a large, heavy-set man, dress-

ed in khaki clothes, as he passed in front of the head-lights of the car. Shortly thereafter the automobile left the Herman Smith premises and the policemen started following in their car. The policemen testified that the driver of the sedan ran a stop line and drove the car at a speed in excess of 60 miles per hour in a zone where the speed limit was 25 miles per hour; that before they left the city limits the police car was going 80 miles per hour, but that the Lincoln sedan outdistanced them and they lost him about one mile south of the city on High-way No. 40. The policemen returned to Ponca City, called the highway patrol headquarters at Pawnee and gave them a description of the automobile. About 30 or 35 minutes later the policemen, in company with two highway patrolmen, were driving south on Highway No. 40 in search of the Lincoln sedan, and by flashing their lights in driveways of homes which they passed, they located it sitting in the private driveway of the home of Jimmy Arnold, a known bootlegger. The officers en-tered the driveway and parked. Shortly thereafter a car driven by Arnold came into the driveway and stopped. Sitting in the car with Arnold was the defendant, Marion Kirk, who was dressed in Khaki clothes. One of the of-ficers asked who was driving the Lincoln sedan and Kirk said that he was. The defendant was arrested but re-fused to drive his automoblie to Ponca City. The of-ficers then looked in the automobile and saw the seven cases of whisky sitting there in plain sight.

We think the trial court properly overruled the mo-tion to suppress evidence. It was admitted that the of-ficers had no warrant for the arrest of the defendant, but he committed a misdemeanor in their presence by run-ning a stop light and driving his automobile at an exces-

sive rate of speed in violation of the city ordinances. His subsequent arrest was for these violations.

It has been held in a long line of decisions that in case of a lawful arrest the arresting officer may search the person and immediate surroundings of the person arrested, and may seize anything found upon his person or in his control which is unlawful for him to have; and anything so taken may be used as evidence against him at the trial. Scott v. State, 84 Okla. Cr. 171, 180 P. 2d 196; O'Dell v. State, 80 Okla. Cr. 194, 158 P. 2d 180; Tripp v. State, 73 Okla. Cr. 69, 118 P. 2d 273; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366.

In Scott v. State, supra, this court held:

"Whether search and seizure from an automobile is reasonable, is, in its final analysis, to be determined as a judicial question, in view of all the circumstances under which it is made.

"The question of suppressing evidence being a judicial one, this court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the finding of the trial court.

"Where a defendant is lawfully arrested, and his automobile searched, the search made incident to such lawful arrest is not an invasion of the defendant's constitutional rights."

The defendant did not testify either on the motion to suppress evidence or at the trial. By reason of the severity of the sentence given by the court, it is probable that he was known to the court as a confirmed violator of the prohibition laws. It is therefore with great reluctance that we hold that the county attorney erred in charging the accused with transporting intoxicating liquor when he should have charged him with the illegal possession of

intoxicating liquor. There is absolutely no proof that defendant transported the whisky from Ponca City to a point about four miles south of the city limits on State Highway No. 40. There is ample circumstantial evidence to show that the Lincoln sedan seen by the officers in Ponca City was the same as the one found in the driveway four miles south of Ponca City. However, an interim of 30 or 35 minutes had elapsed between the time the car was seen in Ponca City until it was found four miles south of the city with the whisky in it. It is a matter of pure conjecture or surmise that the car had the whisky in it when it was seen by the policemen speeding out of town. The hypothesis that the whisky was placed in the car at the home of Jimmy Arnold, who the officers said was a confirmed whisky man, is just as reasonable as to say that it was in the automobile when the pursuit was started by the officers. All of the officers testified that they had no way of knowing whether the whisky was in the car when it was driven. The case of Leer v. State, 83 Okla. Cr. 291, 176 P. 2d 512, is similar in its facts to the instant case. Many other decisions are cited in the opinion of that case. In the body of the opinion this court quoted from the case of Brown v. State, 18 Okla. Cr. 509, 196 P. 967, 968. The language used is applicable to the situation here presented. It was there stated:

"The defendant may be guilty of the offense charged, but a conviction based on surmise and suspicion of guilt should not be permitted to stand. Otherwise, the liberty of the innocent citizen would be jeopardized.

"It is to be regretted that the county attorney of Logan county did not elect to prosecute this defendant for unlawful possession of intoxicating liquor, instead of the unlawful conveyance in the manner charged, as the evidence clearly establishes his guilt of the former crime. But this court is powerless to affirm a convic-

tion for one offense, where the proof establishes guilt of another and separate offense, not included within the charge."

In the opinion of Leer v. State, supra, it is also stated:

"The statute, 37 O.S. 1941 § 1 et seq., which prohibits conveying intoxicating liquor from one point or place in the State to another is probably the most drastic statute in the enforcement law. It is not incumbent upon the State to prove 'intent' to violate the law when so charged, and the simple act of transporting from one point to another constitutes a technical violation of the statute. This applies to one point in a city or town to another point therein, or from one point on the public highway to another point thereon. With this rigid law the statute should be strictly construed to the end that innocent persons may not suffer by its application, and the state should be required to prove the material allegations of the information."

The charge in this case being for the transportation of intoxicating liquor, and there being no evidence in the record to support the verdict, the case will have to be reversed. The reversal of this case, however, does not prevent the county attorney, if he sees fit, from filing an information against the defendant charging him with the unlawful possession of intoxicating liquor.

The judgment is reversed, and defendant is discharged from further prosecution on this charge.

BRETT and POWELL, JJ., concur.