## PHILLIPS v. STATE.

No. A-11510. March 12, 1952.

Rehearing Denied June 18, 1952.

(245 P. 2d 129.)

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The defendant, Velta Floyd Phillips, was charged by information in the court of common pleas of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquor. Title 37, § 31, O. S. 1951. The information alleged possession of a quantity of liquor in excess of 1,000 bottles consisting of half pints, pints and one-fifth gallons of assorted brands of whiskey. A jury was waived and defendant was tried by the court. He was found guilty and thereafter sentenced to 60 days in the county jail and to pay a fine of $100 and costs, from which judgment and sentence this appeal has been perfected.

In the trial court, a motion to suppress the evidence was filed, hearing had thereon, and denied by the trial court. The evidence in support of the ruling on the motion to suppress was, in substance, that the defendant was arrested by Roy Rains, deputy sheriff, after he was informed that the defendant had fired his pistol from the shelter of his home on the outskirts of Tulsa at one Buddy Avers, a Tulsa policeman, who was in the vicinity of the defendant's home. Six shots were fired in all. Deputy Sheriff Roy Rains arrested the defendant on the belief that he had committed a felony. A search was made for the pistol, during which the large quantity of liquor was discovered in the defendant's garage adjacent to his house where the shooting occurred. The record supports the finding of the trial court. The question in suppressing the evidence being a judicial one, this court will not reverse a case even where the evidence reasonably tending to support the trial court's finding. Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99; Scott v. State, 84 Okla. Cr. 171, 180 P. 2d 196.

It has been repeatedly held that in a case of lawful arrest the arresting officer may search the person and immediate surroundings of the person arrested, and may seize anything found on his person or in his control which is unlawful for him to have and anything so taken may be used as evidence against him at the trial. Kirk v. State, 92 Okla. Cr. 360, 223 P. 2d 558, citing Scott v. State, supra; State v. Lumley, 83 Okla. Cr. 430, 178 P. 2d 629; Jones v. State, 83 Okla. Cr. 358,

177 P. 2d 148; O'Dell v. State, 80 Okla. Cr. 194, 158 P. 2d 180; Tripp v. State, 73 Okla. Cr. 69, 118 P. 2d 273; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366. The foregoing principles are so clearly established in the law citation of further authorities is a needless waste of time. The record herein supports the trial court's order in overruling the motion to suppress.

Thereafter the case was submitted on its merits on the evidence offered in support of the motion to suppress, and on the basis of a stipulation, that the quantity of contraband liquor alleged in the information was at least as much whiskey as was seized on the defendant's premises and the whiskey so seized was the whiskey involved in this action. The judgment and sentence of the trial court is amply supported by the record. The defendant is fortunate to have escaped with so light a sentence under the conditions herewith presented. For all' the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.

## On Rehearing

POWELL, J. (specially concurring).

It is not without misgiving that I concur in the opinion of this court heretofore announced, in view of matters developed on rehearing. The basis for the opinion approving the judgment of the court of common pleas of Tulsa county was the testimony of Deputy Sheriff Roy Rains to the effect that he arrested the defendant Velta Floyd Phillips the early morning of 3rd January, 1950, because one Joe Edwards, a deputy sheriff, 'phoned him to come out to the Berryhill Addition, outside the city limits of Tulsa, and assist some officers; that when he arrived he found some deputies there and one Buddy Avers, a police officer who was not in uniform, and that witness was advised that the defendant Phillips had shot at Avers six times; that Phillips was standing there with the officers and that witness then placed him under arrest, and as an incident to the arrest for a felonious act, searched defendant's premises looking for the weapon used, and found the liquor herein involved. It is worthy to note that no charge was ever filed on account of the alleged shooting, which was the basis for the arrest.

The testimony considered by the trial court on motion to suppress was not summarized in the opinion of this court heretofore rendered, and defendant in petition for rehearing having earnestly insisted that the search of his premises was made under a ruse and subterfuge of legality, a rehearing was granted. It was claimed that the record would show that Buddy Avers was armed, was outside the city limits of Tulsa, not in uniform, did not have a search warrant, and was trying to break into defendant's garage at midnight and defendant shot at him. Of course if such was a fact and Officer Rains possessed such knowledge, the contention of defendant would be correct. But as to the material point, such was not the testimony of Rains.

Defendant insists that the testimony of Deputy Sheriff Frank Parker, the only other witness testifying, refutes the evidence of Officer Rains and shows without doubt that he was called out there to advise other officers how they might take charge of a large quantity of whiskey that he knew had been discovered by Buddy Avers in defendant's garage while Avers was trespassing, and when the officers he was assisting had no search warrant.

Frank Parker testified that he was on the night patrol, sheriff's deputy; that he received a call to come to a filling station in the vicinity of defendant's home in the Berryhill Addition at near midnight of January 2, 1950, by reason of there having been some shooting; that when he got there he found deputies Edwards

and Gardiner and one Buddy Avers; that they drove to defendant's home and called him out to talk with him; that he advised them that he had shot at someone snooping around his garage. Witness further stated that Avers had on civilian clothing, was armed with a pistol and that he told witness that Phillips had shot at him. Witness was asked: "Did he [Avers] tell you what he was doing? A. Was supposed to be helping Edwards and Gardiner to locate a plant, out in that vicinity. * * * Q. Why did you wait until Roy Rains got there before he was placed under arrest? A. Because Roy Rains was the head of the raiding squad. Q. The liquor raiding squad? A. And that's the reason for it. We wanted to ask Roy's advice and waited until he arrived there."

On oral argument the contention that Deputy Rains must have known that Buddy Avers was assisting two of his liquor raiders who did not have a search warrant, in locating a liquor plant, and that Avers in the process got shot at by the occupant of the home, was most reasonable and seemed to merit serious consideration. I felt that counsel was correct in his conclusions. I have re-read the entire record carefully. Officer Rains was most positive in the testimony heretofore summarized and nowhere did he admit knowledge of why Avers and the two deputies were near defendant's place and that Avers had been trespassing in quest of liquor. In spite of Deputy Parker's testimony, he did not admit that he had been consulted as to how the liquor discovered as the fruition of an unlawful trespass might be taken legally without a search warrant. The trial court believed this witness, although under the evidence as a whole he would have been justified in suppressing the evidence.

Counsel might have strengthened defendant's case by asking Deputy Parker, who seemed to be a frank witness, whether or not he or any other deputy, if he knew, actually and in fact advised Rains of Avers' trespass and discovery, prior to the search here involved. Deputy Brown and Buddy Avers might have been called and they might have shed light on the vital question. Perhaps Deputy Rains was not actually advised about the whiskey find. As the matter stands, as stated by Presiding Judge Brett, where there is evidence reasonably tending to support the trial court's finding, even where there is conflict in the evidence, we are bound by the rule announced in Mitchell v. State, 73 Okla. Cr. 184, 199 P. 2d 99, and other cases cited by Judge Brett, and must affirm the judgment of the lower court by reason thereof.

On a motion to suppress, the burden is on the movant; the officers were his witnesses, and he is bound by the evidence developed.