**Howard Skidmore LIPP, Jr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12097.**

Criminal Court of Appeals of Oklahoma.

Feb. 2, 1955.

1112

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error Howard Skidmore Lipp, Jr., defendant below, was charged by information in the municipal criminal court of the city of Tulsa, Oklahoma, with the offense of operating a certain motor vehicle over and upon a public highway in Tulsa county, from 2nd and Boulder to Brady and Boulder in the city of Tulsa in said county. Title 47, § 93, O.S.1951. The offense was allegedly committed on October 25, 1953. The defendant was found guilty, his punishment fixed at a $100 fine and costs; judgment and sentence was entered accordingly, from which this appeal has been perfected.

■■ To the information filed herein the defendant demurred on the grounds that the information was so indefinite as to not enable the defendant to properly defend against the same, and further, did not charge an offense against the state of Oklahoma. The demurrer was overruled, and is assigned as error. Construing Title 47, § 93, O.S.1951, in Monahan v. State, Okl.Cr., 243 P.2d 744, 746, we said:

"Under the provisions of Title 47, § 93, O.S.A.1941 and O.S.1951, it is unlawful for any person while (a) under the influence of intoxicating liquor, (b) to operate or drive a motor vehicle, (c) on any highway within this state."

See also Hatton v. State, Okl.Cr., 252 P.2d 170. The information herein charges the operation of a certain automobile "over and upon a public highway in the County of Tulsa, Oklahoma, to wit: At a point in from 2nd &· Boulder to Brady & Boulder in the City of Tulsa, Oklahoma, while under the influence of intoxicating liquor". Title 47, § 121.1, subsection (m), O.S.1951, defines streets or highways as follows:

"(m) Street or Highway. The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

It thus appears that the information sufficiently alleged the offense was on a public highway and that the reference to 2nd and Boulder and Brady and Boulder were designations of them as public highways which meets the requirements of the statutes. The failure to designate 2nd and Boulder and Brady and Boulder as streets is of no consequence. The situation herein is similar to that in Monahan v. State, supra, wherein the defendant alleged East· 23rd and Peoria without designating said thoroughfares as public streets but alleged the place of said violation to be a public highway. To have designated the aforesaid thoroughfares in Tulsa as streets would have added nothing to the designation of said places as public highways, since streets come within the general classification as defined by the aforesaid subsection (m) of § 121.1, Title 47 O.S.1951. The defendant was therefore not misled. The information informed the accused of the offense with which he was charged with

such particularity as to enable him to prepare for his trial and so defined and identified the offense that, if convicted or acquitted, he would be able to defend himself against any subsequent prosecution for the same offense, and therefore it was sufficient. Argo v. State, 88 Okl.Cr. 107, 200 P.2d 449.

 The defendant next contends the trial court erred in not sustaining his contention that the evidence presented at the trial was obtained by an unlawful arrest and, second, that the evidence was insufficient to sustain the conviction. The contention that the evidence was obtained by an unlawful arrest is without merit, in view of the testimony of Officers Brooner and Carter. Their testimony was to the effect that the defendant "crowded" or "jumped" a red light at 2nd and Boulder, and took off north on Boulder at 40 to 45 miles per hour. Officer Carter testified that at the point of the violation on Boulder was a 20 mile speed limit zone. No objection or exception was saved to this testimony. No objection was made that the proper way to prove a city ordinance was by the introduction of the same in the evidence. Therefore we must presume in the absence of objection that it was a 20 mile zone and that the officers had personal knowledge of said fact. The proper way to have established the speed zone would have been the introduction of the city ordinance so designating the same, but in the absence of objection such proof is sufficient. It has been repeatedly held by this court that only those questions can be considered upon appeal, unless jurisdictional or of a fundamental character, which were raised in the court on exception taken and unless incorporated in the motion for new trial. Nowlin v. State, 65 Okl.Cr. 165, 83 P.2d 601. Every presumption favors regularity of the proceedings, and in the absence of an affirmative showing of prejudice the conviction will be affirmed. Nowlin v. State, supra. There was neither objection nor proof that the speed limit was not as testified to, 20 miles per hour. It being established that the stop light was jumped or run and the speed limit being violated, it thus appears two offenses were committed in the officers' presence justifying the defendant's arrest, and the search of his car. Phillips v. State, Okl.Cr., 245 P.2d 129.

 The defendant interposed a demurrer to the evidence on the ground of insufficiency. When Lipp was lawfully stopped, as hereinbefore indicated, and ordered out of his car he was thick of tongue, belligerent, staggering and his breath smelled of intoxicants. Moreover a fifth of whiskey was found in the defendant's automobile. The officers testified in their opinion he was drunk. The defendant did not testify in his own behalf. Under these conditions the evidence was entirely sufficient to support the conviction. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.