**Jack Mathew FRANKLIN, Plaintiff In Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12104.**

Criminal Court of Appeals of Oklahoma.

March 2, 1955.

Jack L. Spivey, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Jack Mathew Franklin, was charged by an information filed in the Court of Common Pleas of Oklahoma County with illegal possession of whiskey; a jury was waived, defendant was tried, found guilty and sentenced to serve 30 days in the county jail and pay a fine of $300 and has appealed.

The various assignments of error presented by the accused may be considered under one proposition, to-wit: Whether the trial court committed error in overruling the motion to suppress evidence which was filed and presented prior to the commencement of the trial of the accused.

Two witnesses testified at the hearing on the motion to supress evidence. Charles Ray Rich, a highway patrolman, testified that he and another patrolman were sitting in their patrol car parked at the intersection of Highway 66 and Britton Road; that the patrol car was parked under a big light at a sign at the northeast corner of the intersection. That there was a stop sign at the intersection where Britton Road enters Highway 66; that about 11:00 p. m. defendant approached the stop sign from the east and slowed down to about 35 miles per hour. That when he saw the patrol car he accelerated his speed; that the patrolmen started in pursuit of defendant but that he outran them and they lost him in about three miles. That approximately 30 minutes later the patrolmen were driving east on Seventy-fifth Street about a block from Highway 66 and saw the same automobile. The patrolmen had obtained the license number at the time of the first pursuit and

they recognized the car as being the same. They attempted to stop the Lincoln automobile but the driver again speeded up and again outdistanced the patrol car, but the defendant had driven his automobile into a dead end street and was there cornered by the officers who arrested him. Defendant was removed to the patrol car where one of the highway patrolmen was writing out a ticket for speeding. Patrolman Rich looked in the automobile and saw a large quantity of whiskey consisting of 190 half pints and 260 pints of taxpaid whiskey. The caps on the bottles on some of the whiskey had become loosened and part of the whiskey had spilled to where there was an odor of whiskey in the automobile. Defendant in a conversation with the officers at that time stated that he was the owner of the Lincoln automobile and that he was the driver who ran the stop sign at the time of the commencement of the first pursuit; that he had evaded the officers by driving into a field and that after he had waited several minutes, he thought it safe to proceed on his journey. Defendant related to the officers that his car speed had gone to 126 miles per hour.

Defendant testified briefly that he was the owner of the automobile in question and also that the whiskey in the automobile belonged to him.

It was contended that the search was illegal for the reason that the officers did not start pursuit of the accused for the purpose of arresting him for a violation of the law but on mere suspicion that the accused was violating the law. In that connection Trooper Rich testified that when the accused ran the stop sign they noticed that he had a Texas tag on his automobile and that they started after him for the purpose of giving him a warning ticket which was the customary thing which they did when minor traffic violations were committed by out of state drivers not familiar with the roads or the laws of Oklahoma. That, however, after the defendant had outdistanced the patrolmen and fled, that they then sought him because of his violation of the speeding and reckless driving laws and because their suspicions had been aroused due to the actions of accused when he saw the officers which led them to believe that the automobile which was being driven by accused might have been stolen.

We think the arrest of the accused was lawful and that the seizure of the whiskey was likewise lawful. The patrolmen were performing their duties on the public highway enforcing traffic regulations at the time the accused ran the stop sign. They could have arrested him for that traffic violation; that they did not do so was because the accused had a faster automobile and was able to elude the officers. He would likely never have been apprehended if defendant had not driven his car into a dead end street. After defendant was arrested, Officer Rich was legally justified in opening the door of the automobile and as was said in Brinegar v. State, Okl.Cr., 262 P.2d 464, he had a right to search the car for weapons as a precaution for the safety of the arresting officer. However, when the officer opened the door of the automobile, the whiskey was plainly visible to them; not only that, but there was a strong odor of whiskey caused by the leaking of some of the bottles. We think this constituted the commission of a crime in the presence of the officers which justified the seizure of the whiskey. The case is comparable in a way to the case of Scott v. State, 84 Okl.Cr. 171, 180 P.2d 196, and the many cases cited in said opinion including Blair v. State, 75 Okl. Cr. 265, 130 P.2d 545; Tripp v. State, 73 Okl.Cr. 69, 118 P.2d 273; Nott v. State, 70 Okl.Cr. 432, 107 P.2d 366. Those cases all hold in effect that where a misdemeanor is committed in the presence of an officer, he has the right to arrest the offender without a warrant. If the arrest is not a subterfuge and is in good faith, the officer has the right to search the defendant and his immediate surroundings without the necessity of a search warrant. It was also held [84 Okl.Cr. 171, 180 P.2d 197]:

"'Whether search of, and seizure from, an automobile upon a public highway, without a search warrant, is reasonable, is, in its final analysis, to be determined as a judicial question, in view of all the circumstances under which it is made.'"

There was no contention herein that the arrest of the accused was a mere subterfuge to permit the search of the automobile without a warrant, as the evidence shows that the accused was wholly unknown to the arresting officers at the time of his arrest and they had no information nor suspicion that he was transporting intoxicating liquor at the time he ran the stop sign. The judgment and sentence of the Court of Common Pleas of Oklahoma County is affirmed.

POWELL and BRETT, JJ., concur.