**Jack TREADWAY, Plaintiff In Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12646.**

Court of Criminal Appeals of Oklahoma.

April 8, 1959.

Rehearing Denied April 29, 1959.

Garrett & Garrett, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Jack Treadway, defendant below, was charged by information in the County Court of Muskogee County, Oklahoma, with the offense of unlawful possession of 62 bottles of assorted tax-paid liquors. 37 O.S.1951 § 31. The alleged offense occurred on January 31, 1958. The defendant was tried by a jury, convicted, but the jury being unable to agree on the penalty, left the same to the trial court. The trial judge fixed the penalty at a fine of $200 and imprisonment in the county jail for sixty days. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant asserts the trial court erred in not sustaining his motion to suppress the evidence. In support of the motion, the state stipulated that the arrest and seizure were made without aid of warrants so to do. The evidence produced on the motion to suppress was substantially as follows: The state's investigator who made the arrest and seizure was the sole witness. He testified without objection that while on the ninth floor of the Barnes Building in the City of Muskogee on January 31, 1958, with the aid of binoculars he looked across an expanse of about 300 feet to the defendant's two story building. There, the officer's attention was attracted to the defendant, who was leaning out his window counting bottles of whiskey he had stored on the roof of an adjoining one-story building. The officer said he could almost read the labels on the bottles and could clearly identify Jack Treadway, who looked about as far away as the back of the courtroom. Having thus observed the defendant, he immediately left the Barnes Building and went to the defendant's rooming house, where, without a warrant, he seized the liquor off the neighbor's roof and placed the defendant under arrest.

Under these circumstances, we cannot say the trial court erred in his refusal to suppress the evidence. The competent evidence and its reasonable inferences tends to support the trial court's finding, since the rule is definitely established that:

"The constitutional provisions guaranteeing one immunity from unlawful search and seizure belongs only to the person, effects and premises whose property is searched, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights."

Trent v. State, 95 Okl.Cr. 225, 242 P.2d 470, and cases therein cited; Story v. State, 97 Okl.Cr. 116, 258 P.2d 706; Treadway v. State, Okl.Cr., —— P.2d ——, 29 O.B.J. 1812. When it became apparent that the seizure of the liquor in this case was made from premises not belonging to the defendant, the trial court had no other recourse

than to overrule the motion to suppress, since the defendant was not in a position to assert that his constitutional rights were invaded by the seizure on another man's property. It has been repeatedly held:

"On a motion to suppress, a question of fact is presented for the determination of the court, and where there is competent evidence in the record to sustain the finding of the trial court, his judgment thereon will be sustained." Lawson v. State, Okl.Cr., 296 P.2d 515; Phillips v. State, 95 Okl.Cr. 336, 245 P.2d 129; Kirk v. State, 92 Okl.Cr. 360, 223 P.2d 558.

In the trial on the merits, it appeared, in addition to the foregoing somewhat amplified, that after his arrest and the seizure of the liquor, Treadway admitted to the investigator that the liquor belonged to him. Furthermore, on cross-examination, the defendant admitted he possessed a current Federal retail liquor dealer's license, which was prima facie evidence of his intent to violate the liquor laws. 37 O.S.1951 § 81.

The judgment and sentence is accordingly affirmed.

POWELL, P. J., concurs.

NIX, J., not participating.