W. E. ISBELL v. STATE.

No. A-10217.   Dec. 1, 1943.

(143 P. 2d 627.)

Newman & Phillips, of Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, W. E. Isbell, was jointly charged with one Marvin Farmer by information filed in the county court of Bryan county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $50, and has appealed.

The evidence of the state showed that certain deputy sheriffs of Bryan county, armed with a search warrant, made a search of a building, purportedly being a service station with a lunch room, sleeping room and kitchen attached, wherein they found approximately 37½ pint bottles of whisky and gin and five pint bottles of gin.   The defendant, Isbell, was at the service station behind the counter in the lunch room.   That he told the officers he was in charge of the place and that he and the codefendant,

Marvin Farmer, were operating on a 50-50 basis. That a boy named Mack Wilburn was there and claimed to be living in the place.

Prior to the commencement of the trial, the attorney for defendant dictated a motion to quash and suppress the evidence for the reason that the search warrant was directed against Marvin Farmer and did not name the defendant, W. E. Isbell. No complaint was made that the description of the search warrant was defective or insufficient to justify a search of the particular premises which were searched by the officers. No proof was introduced in support of the motion to suppress the evidence except the introduction of the affidavit and search warrant. The sufficiency of the affidavit is not questioned. It was based upon the personal knowledge of the affiant and alleged that a large quantity of intoxicating liquors was kept upon the premises therein described, which were alleged to be the property of one Marvin Farmer. Sufficient evidentiary facts were alleged to show that the premises were a place of public resort.

Counsel for defendant presented two issues on appeal —the first, that the court erred in admitting proof of the liquor seized in the kitchen of said building for the reason that it was the private residence of the defendant and therefor not subject to seizure under the search warrant. The second contention of defendant is that the court erred in refusing to instruct the jury that if they should find that the intoxicating liquors seized by the officers were found in that part of the building occupied as a residence by defendant, defendant would not be guilty of the charge.

As hereinabove stated, no evidence was introduced by defendant in support of his motion to suppress, and the defendant did not testify and offered no evidence in his

behalf at the trial. The proof, therefore, in regards to the question as to whether a part of the building was occupied as a residence by the defendant, must be determined solely by the testimony of the officers. None of them testified that the defendant lived there, but their evidence was to the effect that a boy named Mack Wilburn slept there, although the defendant did state that he had charge of the place and that he and the codefendant, Marvin Farmer, were operating on a 50-50 basis.

The burden of proving the invalidity of a search, when raised by a motion to suppress the evidence, is upon the defendant. Where he fails to meet this burden, it is not error for the court to overrule the motion to suppress. Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Allen v. State, 74 Okla. Cr. 139, 124 P. 2d 262; Watson v. State, 73 Okla. Cr. 58, 117 P. 2d 808; Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216.

Even if the contention of defendant that he lived in the room attached to the filling station was correct, the proof of the state shows that the whole building was being used in the illicit liquor business, and in conformity with many decisions of this court the search would have been valid if the legal description of the premises set forth in the search warrant was correct.

In the case of Quick v. State, 75 Okla. Cr. 176, 129 P. 2d 604, it is stated:

"Affidavit for warrant to search described gasoline filling station stated sufficient facts to justify the issuance of warrant though name of occupant of the filling station was given as 'John Doe', where warrant was for purpose of searching the premises, rather than for a search of person of occupant of filling station.

"Where room which operator of gasoline filling station used as his home was used in connection with his

business, a door space was the only connecting entrance between the filling station proper and the room occupied as a home, there was very little furniture in the room and no groceries of any kind, and located in the room were oil drums used in the business of the filling station, affidavit and search warrant issued thereon for search of filling station were sufficient to justify the search of the room, since the room was being used as a 'store', 'shop', or 'place for storage' within meaning of statute providing for issuance of a warrant to search a private residence if it is used as a store, shop, or place for storage. 37 O. S. 1941 § 88."

In that case the proof was more strongly in favor of the defendant than in the instant case. The defendant testified there that his wife lived at the filling station, that it was the only home he had, and that the liquor was found in the room which they occupied as their home.

The requested instruction to defendant, in effect, asks the court to submit to the jury the issue of the validity of the search. When the legality of a search is made an issue in a trial it raises a question of law for determination of the court. Ordinarily all evidence concerning intoxicating liquors seized by an officer are per se admissible in evidence. Where a timely motion to suppress is presented, the better practice is for the court to excuse the jury, hear the evidence in connection with said motion and then determine as a question of law the legality of the search.

The court should never give an instruction unless it is based upon the evidence, and there is no evidence in this record that the filling station, or any part thereof, was occupied as a home by the defendant. Under the proof here, when considered in connection with the affidavit and search warrant, the search would not have been invalid even though the defendant did occupy a part of the building as a residence.

After a consideration of the entire record, it is our opinion that there are no errors of sufficient merit to justify a reversal of the conviction.

The judgment of the county court of Bryan county is accordingly affirmed.

BAREFOOT, J., concurs.   DOYLE, J., absent.