**Robert Earl LEWIS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12547.**

Criminal Court of Appeals of Oklahoma.

Feb. 26, 1958.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Robert Earl Lewis, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the crime of unlawful possession of narcotics in violation of 63 O.S.1951 § 402. A jury was waived and the case tried to the court. The defendant was found guilty and sentenced to a term of five years in the state penitentiary. 63 O.S.Supp.1953 § 420. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The evidence disclosed the defendant was possessed of a considerable quantity of narcotics consisting of codeine, morphine, and other forms of narcotics. The case was orally argued, but no briefs were filed. We have examined the record and find that the principal question raised is that the trial court erred in overruling the defendant's motion to suppress the evi-

dence based on an alleged illegal search. This matter presented a judicial question for the determination of the trial court. Roberts v. State, 95 Okl.Cr. 365, 245 P.2d 759; Fulbright v. State, 96 Okl.Cr. 36, 248 P.2d 651. The trial court determined the issue against the defendant and we find there is sufficient evidence to support the trial court's finding.

An examination of the record discloses no fundamental error prejudicial to the defendant. Furthermore, counsel for the plaintiff in error must not only assert error, but must support his contention by citation of authorities. When the case was orally argued, the defendant cited no authorities in support of his position. Where it appears the defendant was not deprived of any fundamental rights, the Court will not search for authorities to support asserted error. Cope v. State, 15 Okl.Cr. 437, 177 P. 920.

The judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.