James Euril GREATHOUSE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17048.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

Curtis A. Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, James Euril Greathouse, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 70–112, of failure to re-

turn rented property, after former conviction of a felony, and sentenced to a term of three to ten years imprisonment. Judgment and sentence was imposed on April 26, 1971, and this appeal perfected therefrom.

It was charged by information that the defendant, on June 1, 1970, did execute a rental agreement for an automobile, a 1970 American Motors Hornet, which was to be returned before June 8, 1970; and that defendant, after gaining possession of said automobile, failed to return the same. The evidence established that on June 1, 1970, the defendant rented a 1970 American Motors Hornet from the New Rambler Ranch in Tulsa, Oklahoma. Howard Clifton Bridges testified that he was the service manager of the New Rambler Ranch and had personally rented the automobile to the defendant, pursuant to a rental agreement. Two other employees of the New Rambler Ranch testified that the defendant had rented the automobile, that the automobile had a value of approximately $2,100, and that the automobile had never been returned. Upon this evidence the jury returned a verdict finding the defendant guilty of failing to return rented property.

In the second stage of the trial the State introduced, over objection, a judgment and sentence indicating that the defendant had been convicted of grand larceny in the State of Arkansas on September 6, 1966. The defendant's motion to suppress the Arkansas judgment and sentence, and request for a non-jury hearing on the alleged invalidity of the conviction, was overruled. The defendant then took the stand and testified concerning his Arkansas conviction. Defendant testified that he had remained in jail for five months on the charge, that he had been denied a preliminary hearing, that he was indigent, that he could not afford counsel, and that counsel was not appointed or offered to represent him. On cross-examination the defendant admitted another conviction for auto theft in Wagoner County, Oklahoma, in 1962, and a federal conviction

for possession of a stolen car in 1964. Defendant further denied being represented by counsel on these two convictions as well.

After hearing this evidence, the jury returned a verdict finding the defendant guilty of failure to return rented property after former conviction of a felony, and assessed punishment at a term of three to ten years imprisonment.

It is defendant's first contention that the court erred in failing to grant a mistrial after one juror acknowledged that he personally knew one of the State's witnesses. After the voir dire of the jury, and the jury had been sworn, and after three witnesses were sworn, one of the jurors stated: "I don't know whether it would make any difference or have any effect on my qualification, but I recognize one of the witness. . . . " Thereupon, defense counsel moved for a mistrial. The court then addressed the juror as follows:

"BY THE COURT: (Addressing the juror) Mr. Hopson, the fact you have indicated you knew one of the witnesses, would that make any difference to you in the trial of this case?

"BY THE JUROR HOPSON: Well, 1 am not too sure about that.

"BY THE COURT: You think because somebody else, because you know one of the witnesses you would not be able to give the State and the defendant a fair and impartial trial?

"BY THE JUROR, HOPSON: Oh, I think so. It's been quite a while, it's been a long time since I saw this witness. I know him. We used to be in the same Club together, but I just didn't know whether the Court would want me to serve or not.

"BY THE COURT: Very well, the Motion will be denied."

The question of the competency of jurors is addressed to the sound discretion of the trial court, and absent an abuse

of discretion, the finding of the trial court will not be upset on review. Nichols v. State, Okl.Cr., 418 P.2d 77 (1966). Furthermore, counsel on voir dire examination should inquire into all matters within his knowledge which might affect the qualification of the jurors, and where this is not done, the trial court may in its discretion refuse to allow a challenge to an individual juror after the jury has been sworn to try the case. In such a situation the right to challenge a juror is considered to be waived. Hamilton v. State, 79 Okl.Cr. 124, 152 P.2d 291 (1944). Looper v. State, Okl.Cr., 381 P.2d 1018 (1963).

█ We do not find that the trial court abused its discretion, particularly when the juror indicated that knowing the witness would not prevent him from giving the defendant a fair and impartial trial. Furthermore, during the voir dire defense, counsel did not inquire whether the jurors knew or were acquainted with any of the witnesses endorsed on the information. For these reasons we find that there was no error in this regard.

It is defendant's second contention that the trial court erred in failing to grant a non-jury hearing concerning the validity of defendant's former convictions. Essentially it is defendant's contention that the former convictions were constitutionally invalid, and thus inadmissible, because they were obtained without benefit of counsel. This contention is premised on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

█ It is the better practice for the trial court to conduct a non-jury hearing on a motion to suppress. Isbell v. State, 78 Okl.Cr. 78, 143 P.2d 627 (1943). Whether or not defendant's former convictions were constitutionally valid, and therefore admissible, was a question of law for the court and not a question of fact for the jury. We therefore agree with defendant that the failure to grant a non-jury hearing on defendant's request was error.

However, since the error occurred in the second stage of the proceedings, and since the evidence of guilt is conclusive and unrefuted, we are of the opinion that the interest of justice would best be served by modifying the sentence to a term of imprisonment not less than two years nor more than five years. As so modified, the judgment and sentence is hereby affirmed, to be effective from the date of commitment.

BUSSEY, P. J., concurs.