William Lance GILBERT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–547.

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Rehearing Denied June 23, 1975.

Don E. Gasaway, George P. Phillips, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellant, William Lance Gilbert, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Tulsa County for the crime of Sale of a Magazine Showing Acts of Sexual Intercourse. The jury assessed punishment at a fine of $25,000. From a judgment and sentence in conformance with said verdict defendant has perfected his timely appeal.

The State called one witness, Agent Larry Bowles of the Oklahoma Crime Bureau, who testified that on the 11th day of September, 1973, he purchased from the defendant at the Tulsa Book Mart, an adult bookstore, a copy of a magazine entitled "Sex in Depth". The magazine, which contained explicit photographs of persons engaged in sexual intercourse, was admit-

ted into evidence and submitted to the jury for examination. The State then rested.

The defendant called three witnesses. An employee of a large retail bookstore testified that many volumes of sexually explicit material, such as the popular *The Joy of Sex* and *The Sex Book,* were sold in the Tulsa area. The two remaining witnesses testified that they were familiar with sexually explicit material that could be purchased from adult bookstores and that it was their opinion that the community in general did not object to such material being available to those who wished to purchase it.

 The defendant's first proposition in error urges that 21 O.S. § 1040.51 under which the information was filed, trial conducted and judgment and conviction rendered was at the time of the filing of said information unconstitutional in light of the rulings of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 and its companion cases. The defendant further urges that the retroactive application of the Miller standards to the defendant in the instant case violates the constitutional ex post facto law proscription and that this Court's authoritative construction of § 1040.51 in State v. Combs, Okl.Cr., 536 P.2d 1301, was an unconstitutional usurpation of the legislative function.

All of the above arguments are answered in the negative by this Court in its recent decisions in Hess et al. v. State, Okl.Cr., 536 P.2d 362 and Combs v. State, Okl.Cr., 536 P.2d 373. See also Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L. Ed.2d 590, (June 24, 1974) and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

 The defendant's next proposition urges that the trial court committed reversible error in failing to suppress introduction of the material because no adversary proceeding to make a preliminary determination of and focus searchingly on the issues of obscenity as required by Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, was held prior to issuance of a warrant for the arrest of the defendant. We disagree. In both *Combs* cases, supra, and in Cherokee News & Arcade, Inc. v. State, Okl.Cr., 509 P.2d 917, this Court specifically held that a prior adversary hearing is not required when allegedly obscene material is obtained by purchase and no seizure is involved.

 The defendant next contends that the burden of proof was improperly placed on the defendant to prove his innocence rather than upon the State to prove his guilt, arguing that the only evidence of obscenity submitted by the State was the magazine itself. It is not a mandatory prerequisite to establish a prima facie case that the State present witnesses to establish the existence of the Miller standards. The introduction of the material and submission of same to the jury is sufficient. McCrary v. State, Okl.Cr., 533 P.2d 629 and Combs v. State, Okl.Cr., 536 P.2d 373.

 Defendant further argues that Instruction No. 6 given by the trial court placed the burden of proving non-obscenity on the defendant. Instruction No. 6 is as follows:

"You are further instructed that the laws of the State of Oklahoma do not prohibit the sale of such material meeting the following standards:

1. Pursuant to medical prescription or for use in any recognized school of medicine or veterinary science for education purpose.

2. If the average person, applying contemporary community standards, would not find that the material, taken as a whole, appeals to one's prurient interest.

A. In applying contemporary community standards the material's impact on an average person must be determined, not the impact on a particularly susceptible or sensitive person, or, indeed, a totally insensitive one.

B. Prurient is defined by Funk & Wagnalls dictionary as: 1. Impure in thought and desire; lewd. 2. Having lustful cravings or desires. 3. Longing, desirous.

3. If the depiction, otherwise prohibited by the State Law, of sexual conduct, is not so depicted in a patently offensive way.

4. If the material, taken as a whole, is of literary, political, artistic or scientific value.

If, after considering all of the evidence, whether introduced by the State or by the defendant, you find that the sale of State's Exhibit No. 1 is not prohibited by reason of falling within one of the above categories, or if you have a reasonable doubt in this regard, it is your duty to resolve this case in favor of the defendant and acquit him."

It is the opinion of the Court that Instruction No. 6 as submitted sufficiently sets out the Miller standards. The defendant is required to make no proof. It is up to the jury to determine if the standards are satisfied.

The defendant's last contention urges that repeated comments by the prosecutor, which were designed to inflame the prejudice and passions of and embarrass the jury, were erroneous and resulted in excessive punishment. We agree. The prosecutor on numerous occasions, both on cross-examination and closing argument, commented upon the effects of said material on very young children when no evidence had been admitted concerning the sale of sexually explicit material to children of tender age.

 The prosecutor, while referring to the defendant's defense that defendant did not know what was depicted in the material, made the following comment, to-wit:

"MR. FALLIS: My point is, ladies and gentlemen, these are clues and they deprive you of the luxury of ignoring the facts of life. We can't do that. If you surrender your common sense then I'll tell you what let's do. I am going into the heroin business tomorrow and I am going to sell it in a plain brown bag and I am going to give it to the kids and after that I am going to—

MR. GASAWAY: Object to that, your Honor, that's not—

THE COURT: You will be overruled, counsel.

MR. GASAWAY: Give us an exception and ask for a mistrial and that the jury be admonished not to consider it.

THE COURT: Overruled."

Such a comment about the sale of heroin to children was an improper comment made solely to arouse the passion and prejudice of the jury. See Roberts v. State, 95 Okl.Cr. 365, 245 P.2d 759. However, it is our opinion that there is no reasonable doubt as to the defendant's guilt and any passions or prejudices aroused in the jury tended only to enhance punishment. Therefore, for the reasons stated above, the judgment and sentence appealed from is modified to a fine of $5,000.

BRETT, P. J., and BUSSEY, J., concur.

Rehearing Denied June 23, 1975.