James Lloyd OLIVER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–471.

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Rehearing Denied June 23, 1975.

**934**

Don E. Gasaway, George P. Phillips, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellant, James Lloyd Oliver, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Tulsa County of the crime of Selling a Magazine Which Depicted Persons Engaged in Sexual Intercourse and Unnatural Copulation. Judgment was assessed at a term of fifteen (15) years in the state penitentiary and a fine of $25,000. From a judgment and sentence in conformance with said verdict the defendant has perfected his timely appeal.

The State called one witness, Charles Sager, who testified that on the 23rd day of October, 1973, he entered the Whittier Book Store, an adult bookstore, in Tulsa and told the defendant that he wished to purchase a book that showed everything. The defendant reached under the counter, brought out a magazine and stated that it was the best he had. The witness then purchased the magazine entitled "Erection" which contained pictures of persons engaged in sexual intercourse and oral copulation. The witness further testified that he asked the defendant how he could get in the business and the defendant told him that he could get the witness some books at a premium price. The magazine was admitted into evidence and submitted to the jury for examination. The State then rested.

The defense called six witnesses, including the defendant who took the stand in his own behalf. An employee of a large retail bookstore in Tulsa testified that his store sold sexually explicit material which accounted for approximately ten percent of gross sales. He further testified that the popular *"Joy of Sex"* had sold approximately 1,000 copies in 1973. The witness then testified that "Erection" did not offend him or appeal to his prurient interests, although the magazine did arouse curiosity and amusement.

Four other witnesses testified that they were familiar with sexually explicit material and had discussed same with people in the community. It was their opinion that most persons in the community felt that an adult had a right to purchase such material at an adult bookstore if they desired. The witnesses viewed the magazine with indifference and stated that it did not appeal to their prurient interest. One witness testified that the magazine would be of some value to a marriage.

The defendant then testified that he was employed at the bookstore as a clerk and that he had sold the magazine to Sager. However, he denied having conversations about the book business and stated that he did not know exactly what was in the magazine. He further stated that the only reason he told Sager that the magazine was a good book was because it was high priced and a sale would be good for the business.

▉ The defendant's first proposition in error urges that 21 O.S. § 1040.51 under which the information was filed, trial conducted and judgment and conviction rendered was at the time of the filing of said information unconstitutional in light of the rulings of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 and its companion cases. The defendant further urges that the retroactive application of the Miller standards to the defendant in the instant case violates the constitutional ex post facto law proscription and that this Court's authoritative construction of § 1040.51 in State v. Combs, Okl.Cr., 536 P.2d 1301, was an unconstitutional usurpation of the legislative function.

All of the above arguments are answered in the negative by this Court in its recent decisions in Hess et al. v. State, Okl.Cr., 536 P.2d 362 and Combs v. State, Okl.Cr., 536 P.2d 373. See also Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590, (1974) and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

▉▉ The defendant's next proposition urges that the trial court committed reversible error in failing to suppress introduction of the material because no adversary proceeding to make a preliminary determination of and focus searchingly on the issues of obscenity as required by Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, was held prior to issuance of a warrant for the arrest of the defendant. We disagree. In both *Combs* cases, supra, and in Cherokee News & Arcade, Inc. v. State, Okl.Cr., 533 P.2d 624, this Court specifically held that a prior adversary hearing is not required when allegedly obscene material is obtained by purchase and no seizure is involved.

▉▉ The defendant next contends that the burden of proof was improperly placed on the defendant to prove his innocence rather than upon the State to prove his guilt, arguing that the only evidence of obscenity submitted by the State was the magazine itself. It is not a mandatory prerequisite to establish a prima facie case that the State present witnesses to establish the existence of the Miller standards. The introduction of the material and submission of same to the jury is sufficient. McCrary v. State, Okl.Cr., 533 P.2d 629 (1974) and Combs v. State, Okl.Cr., 536 P.2d 373.

▉ Defendant further argues that Instruction No. 6 given by the trial court placed the burden of proving non-obscenity on the defendant. Instruction No. 6 is as follows:

"You are further instructed that the laws of the State of Oklahoma do not prohibit the sale of such material meeting the following standards:

1. Pursuant to medical prescription or for use in any recognized school of medicine or veterinary science for education purpose.

2. If the average person, applying contemporary community standards,

would not find that the material, taken as a whole, appeals to one's prurient interest.

A. In applying contemporary community standards the material's impact on an average person must be determined, not the impact on a particularly susceptible or sensitive person, or, indeed, a totally insensitive one.

B. Prurient is defined by Funk & Wagnalls dictionary as: 1. Impure in thought and desire; lewd. 2. Having lustful cravings or desires. 3. Longing, desirous.

3. If the depiction, otherwise prohibited by the State Law, of sexual conduct, is not so depicted in a patently offensive way.

4. If the material, taken as a whole, is of literary, political, artistic or scientific value.

If, after considering all of the evidence, whether introduced by the State or by the defendant, you find that the sale of State's Exhibit No. 1 is not prohibited by reason of falling within one of the above categories, or if you have a reasonable doubt in this regard, it is your duty to resolve this case in favor of the defendant and acquit him."

It is the opinion of the Court that Instruction No. 6 as submitted, sufficiently sets out the Miller standards. The defendant is required to make no proof. It is up to the jury to determine if the standards are satisfied.

 The defendant next contends that the trial court committed reversible error in failing to swear in the bailiff pursuant to the requirements of 22 O.S. § 857. However, the record in the instant case is completely void concerning the swearing of the bailiff and it appears that no objection was raised if, in fact, the bailiff was not sworn. Such an error is never presumed. It must affirmatively appear from the record. See Feil v. State, 81 Okl.Cr. 133, 161 P.2d 770. Therefore, defendant's proposition is without merit.

The defendant next urges that repeated comments by the prosecutor, which were designed to inflame the prejudice and passion of and embarrass the jury, were erroneous and resulted in excessive punishment. We agree. The prosecutor on numerous occasions during cross-examination and closing argument made comments concerning the effects of the material on the sensibilities of young children and the probability that such material would find its way into their hands. There was no evidence that sexually explicit material had been sold to children and it is our opinion that such comments were made solely to arouse the passions and prejudice of the jury. See Roberts v. State, 95 Okl.Cr. 365, 245 P.2d 759. However, it is our opinion that there is no reasonable doubt as to defendant's guilt and any passions or prejudice aroused in the jury tended only to enhance punishment. Therefore, for the reasons stated above, the judgment and sentence appealed from is modified to a term of three (3) years in the state penitentiary and a fine of $5,000.

BRETT, P. J., and BUSSEY, J., concur.