**Bruce SHATTUCK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–874.**

Court of Criminal Appeals of Oklahoma.

May 17, 1977.

**644**

Rebecca L. Adams, Harris & Riley, Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Bruce Shattuck, hereinafter referred to as the defendant, was charged with the offense of Assault With a Dangerous Weapon, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 645 and § 51. The defendant was convicted by jury in a bifurcated proceeding in the District Court, Washington County, in Case No. CRF–75–729. He was sentenced to serve a term of four (4) years in the custody of the Oklahoma State Department of Corrections. From said judgment and sentence, defendant has perfected a timely appeal to this Court.

Inasmuch as this appeal is based on alleged pretrial jury panel error, the only facts recited are those facts pertinent to such error.

Mattie Pearl Leach, wife of the complaining witness, was summoned as a member of the jury panel for the trial court term wherein defendant's case was to be tried. This juror was not present during the initial assembling of the prospective jurors, as she had been excused by the court due to a previously scheduled vacation. Hence, no one was aware of her presence on the panel until it was brought to the trial court's attention by the defendant's motion to strike the case from the jury term. Mrs. Leach had not been called to serve as a juror in any of the other trials conducted during the term, nor had she been subjected to any voir dire examinations. Her relationship, therefore, with the complaining witness was not brought to the attention of the trial court until two weeks into the term. In response to defendant's motion, the trial court immediately conducted an in camera hearing wherein Mrs. Leach was questioned as to her relationship with the complaining witness in the instant case. She was also questioned about any discussions which she might have had with the other members of the jury panel concerning her husband's case. Under oath, Mrs. Leach informed the trial court that she had

not discussed any aspect of the case at bar with members of the jury panel. She stated, "I am antisocial just for this reason." The defendant was unable at that time to show how he had been prejudiced by her presence on the jury panel, and therefore the trial court overruled the motion. The trial court, satisfied that Mrs. Leach had not attempted to influence the other jurors, dismissed her from the panel for the remainder of the jury term. During the voir dire of the jury for the instant case, prospective jurors were asked whether they knew the complaining witness or his relatives. All answered in the negative. The panel was selected and the trial ended in a conviction of the defendant.

■ The defendant raises three assignments of error, however, all three will be considered together for purposes of this appeal. Essentially, defendant contends that the trial court erred in overruling his motion to strike the case from the jury term, because the complaining witness' wife was allowed to remain on the jury panel during the term in which the defendant's case was tried, thus depriving defendant of an impartial jury.

While considering defendant's motion to strike, the trial court requested the defendant to make a showing of prejudice created by Mrs. Leach's presence on the jury panel. The defendant was unable to show any prejudice at that time. In *Glasgow v. State*, Okl.Cr., 370 P.2d 933 (1962), this Court stated in the fourth paragraph of the Syllabus:

"A claim of misconduct of a juror before a criminal case is submitted to a jury is not to be determined by inference or on the basis of speculation, but must be established by clear and convincing proof."

Also see, *Wilson v. State*, Okl.Cr., 458 P.2d 315 (1969).

Mere speculation by the defendant is not sufficient for a finding by this Court that prejudice has influenced the verdict. Mrs. Leach was questioned by the trial court, and she denied having discussed her husband's case with any of the other prospective jurors. Moreover, the defendant was given the opportunity to question prospective jurors as to their knowledge of the facts of the case, or their acquaintance with the complaining witness or his relatives. This Court has often held that the burden is on the defendant to inquire into all matters which might effect the qualifications of the jurors, and if he fails to question fully, he cannot later object to an impartial juror. See, *Greathouse v. State*, Okl.Cr., 503 P.2d 239 (1972) and *Blozy v. State*, Okl.Cr., 557 P.2d 451 (1976).

■ The defendant also objected to the way in which Mrs. Leach was excluded from the jury. Defendant first filed a motion that the case be stricken from the trial court term because of Mrs. Leach's presence on the jury panel, and then objected to Mrs. Leach being dismissed from the jury panel. This Court held in *Boyd v. State*, 97 Okl.Cr. 331, 263 P.2d 202 (1953), in Syllabus number 5:

"A defendant will not be permitted to speculate on the result of a verdict to be rendered by a jury of which some member may be disqualified, and later challenge the verdict if, perchance, it should not be to his liking. The defendant must exercise diligence to ascertain the qualifications of jurors at the time they are examined for that purpose."

Clearly, the defendant could not allow Mrs. Leach to remain on the jury and then challenge the verdict because of her presence as prejudicial to the defendant.

■ Moreover, this Court has often held that whether or not a juror should be excused rests in the sound discretion of the trial court, and the defendant has no vested right to any particular juror out of a panel. See, *Bickerstaff v. State*, Okl.Cr., 446 P.2d 73 (1968). The record reflects that the trial court conscientiously attempted to deal with Mrs. Leach in a way least likely to be prejudicial to the defendant. Dismissing Mrs. Leach prior to the time her name was called, worked to defendant's benefit rather than to his detriment.

■ The defendant has been unable to demonstrate prejudice or to cite authority

which supports the assertion that an early dismissal of a juror from a jury panel, who later may be challenged for cause, is error requiring reversal. Finding no deprivation of defendant's substantial rights, the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.